## Chicago, Peoria & St. Louis Ry. Co. v. B. I. Tice.

1. FENCE—*liability of railroad company to.* The statute which requires that a railroad company must fence between its right of way and the land of adjoining owners, is substantially complied with, where the right of way together with an additional strip of land lying outside of its right of way is enclosed by a proper fence.

2. FENCE—*liability of railroad company to.* A trespasser who has suffered damage by reason of the failure of a railroad company to observe a statutory duty, cannot recover of such company unless the injury was wanton or wilful.

Action on the case for causing death of a horse. Appeal from the Circuit Court of Menard County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

HENRY L. CHILD, for appellant; BLUFORD WILSON and PHILIP BARTON WARREN, of counsel.

L. A. WHIPP, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action on the case, brought by appellee against appellant to recover the value of a horse owned by the former and killed by the latter, at Tice Station in Menard County, Illinois, on the night of June 16, 1902.

There was a verdict and judgment in favor of appellee, from which the appellant prosecutes this appeal.

It appears from the evidence that in addition to its width of right of way, the appellant at this place owned, adjoining thereto, a strip of land about a quarter of a mile long

and two hundred feet wide at the west end and one hundred feet wide at the east end.   This strip of land, together with the right of way proper, was all enclosed by a fence meeting the legal requirements.   Between the right of way and the additional strip was a mere remnant of a former fence. It consisted of one wire at places four or five feet above the ground attached to old posts thirty or forty feet apart.

P. D. Tice, brother of appellee, was the agent of the appellant company at Tice Station.   The general agent of the railroad company allowed him to use the strip of land outside of the right of way for pasturing his stock.   The permission was oral.   It was given for no definite time and no rent was reserved or expected to be paid.

Appellee received permission from his brother, the agent, to pasture his horse on this strip of land and used it for that purpose three or four times prior to the time the horse was killed.   At the time he received permission and prior thereto, he knew the land belonged to appellant and knew the terms by which his brother was permitted to use it. Appellee paid nothing for the use of the land, and it was not known by any of the officers of the company that he was to use it.

The ground of liability relied upon by appellee is the statute requiring railroad companies to fence between their right of way and adjoining owners.   We fail to see how such provision of the statute has any application to the facts disclosed by this record.   If appellee had any right to use the premises in question, it was the mere permission given him by his brother who was at the most a tenant at will of the appellant company.   The appellant complied with the requirements of the statute relating to fencing its right of way when it enclosed the right of way proper in connection with the additional strip.   Under such circumstances it was not the duty of the appellant to run another fence on the line of what might be considered its ordinary width of right of way and the additional strip in question.

P. D. Tice, the station agent, was a tenant at will and without legal authority to lease to his brother, the appel-

lee.   His brother, in the occupation of the premises, was a trespasser and appellant would not be liable under such circumstances for causing the death of his horse, unless the injury to the animal was wantonly or willfully inflicted, which is not claimed in this record.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*