B. I. Tice, Defendant in Error, v. Chicago, Peoria & St. Louis Railway Company, Plaintiff in Error.

APPEALS AND ERRORS—*when former decision of Appellate Court not conclusive.* The facts of a subsequent appeal being different, the former decision of the Appellate Court in the same case is not conclusive.

Action in case. Error to the Circuit Court of Menard county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed April 21, 1908.

HENRY L. CHILDS and CHARLES NUSBAUM, for plaintiff in error; BLUFORD WILSON and PHILLIP BARTON WARREN, of counsel.

L. A. WHIPP, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This was a suit by defendant in error against plaintiff in error to recover the value of a horse alleged to have been killed by reason of the failure of plaintiff in error to maintain a sufficient fence along its right of way, and also to recover reasonable attorney's fees. Upon the trial the jury returned a verdict against plaintiff in error for $117.08, as the value of the horse, and $71.25 as reasonable attorney's fees. The court required defendant in error to remit $22.09, from the amount due as attorney's fees, and entered judgment against plaintiff in error for $166.24.

This case was before this court upon appeal at the May term, 1903, when the judgment of the Circuit Court awarding damages to defendant in error was reversed and the cause remanded. C. P. & St. L. Ry. Co. v. Tice, 111 Ill. App. 161. It appeared from the evidence in the record upon that appeal that the narrow strip of land, about a quarter of a mile long and 200 feet wide at the west end and 100 feet wide at the east end, which adjoins the right of way of plaintiff in error and which was used by defendant in error as a pasture for his horses, was owned by plaintiff in error, and we then held that defendant in error was a mere trespasser, and that plaintiff in error could not be held liable for killing the horse, unless the injury which resulted in the death of the animal was wantonly or wilfully inflicted. The record in the case as it now comes before us discloses the fact that the strip of land above mentioned was owned in part by one John Tice, who was the original owner of the tract of land upon which the railroad right of way of plaintiff in error is located, and that he acquired title to a portion of said described strip of land by reversion upon the subsequent vacation of a public highway which formed the north boundary of the tract of land conveyed by him

to the Springfield & Northwestern Railroad Company, through whom, by mesne conveyances, plaintiff in error derived its title. The evidence further discloses that said strip of land had been used as a pasture by said John Tice, and other persons under him, for twenty or thirty years prior to the time the horse of defendant in error was killed.

It is conceded by plaintiff in error that the fence through which the horse escaped and went upon the track, where it was killed, was out of repair and wholly insufficient to serve the purposes of a right of way fence.

Plaintiff in error raises no questions of law upon the rulings of the court in the admission or exclusion of evidence, or in the giving or refusing of instructions, but relies solely upon the judgment of this court when the case was here upon appeal, as conclusive against the right of defendant in error to recover. The facts developed upon the last trial of the case are entirely different from those appearing in the record when the case was before this court on appeal, and the finding and judgment of this court upon that appeal are therefore not conclusive upon the present record.

The facts disclosed by the record now before us, made it incumbent upon plaintiff in error to maintain a sufficient right of way fence at the place where the horse of defendant in error went upon the railroad track, and plaintiff in error must respond in damages caused by its failure to maintain such fence.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*