## COLVIN v. STATE OF INDIANA.

[No. 25,981.   Filed March 31, 1932.]

*Morton C. Embree* and *Charles C. Baltzell,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

Roll, J.—This is a prosecution against the appellant, commenced by affidavit filed in the Gibson Circuit Court, charging him with violation of a provision of the mining laws of this state, which requires the making of "break throughs" in rooms and entries in coal mines at least every 45 feet. §10032 Burns Supp. 1929.

The affidavit as filed contained two counts, but the second count was dismissed on motion of the prosecuting attorney. Appellant filed a motion to quash the first count of the affidavit, which was overruled by the court. The first count of the affidavit, omitting the formal parts, reads as follows: Albert C. Dally, Chief Mine Inspector of the State of Indiana, being first duly sworn, on his oath says that Ival M. Colvin, on or about March 24, A. D. 1930, at the county of Gibson, in the State of Indiana, was then and there on the aforesaid date and for a long time prior thereto mine boss of the coal mine commonly known as "the Kings Station Coal Mine," in said county and state; and that the said Ival M. Colvin was then and there in charge as mine boss of said coal mine; that the said Ival M. Colvin, as said mine boss of said mine, did then and there unlawfully fail, refuse and neglect to keep, make, maintain and construct "break throughs" and airways at a distance of at least every 45 feet between rooms numbered 9 and 10, the said rooms being off the third north entry, off the second east north entry of said Kings Station Coal Mine, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.

Appellant by his motion to quash challenges the suf-

ficiency of the affidavit on the following grounds: (1) That the facts stated in the affidavit do not constitute a public offense; (2) that the offense is not stated with sufficient certainty; and grounds (3), (4) and (5) question the constitutionality of §10032 Burns Supp. 1929, upon which the prosecution is based.

In view of the conclusion we have reached, it will be unnecessary for us to consider any of the alleged errors except the first specification of appellant's motion to quash the affidavit, which questions the sufficiency of the facts stated to constitute a public offense.

The affidavit was drawn on the theory that clauses (E) and (F) of §10032 Burns Supp. 1929, Acts 1927 p. 224 (which amended §10 of the act of 1925, Acts 1925 p. 412), which amended the act of 1923, (Acts 1923 p. 487), imposes the duty on the "mine boss" to maintain "break throughs" or airway as provided for in clause (I) of said section.

Clauses (E), (F) and (I) of §10032, *supra,* read as follows: "(E) The operator shall employ a certified, competent mine boss who shall be an experienced coal miner, and shall keep careful watch over the ventilating equipment, and the airway, and shall see that as the miners advance their excavation, all loose coal, slate and rock overhead, are taken down, or carefully secured against falling on the traveling airways.

"(F) The mine boss shall measure the air currents at least once a week at the inlet and outlet, and at or near, the face of the entries; he shall keep a record of such measurements, which shall be entered in a book kept for that purpose; the said book shall be open for inspection of the chief inspector of mines. The mine boss shall also, on or about the first day of each month, mail to the chief inspector of mines a true copy of such air measurements, stating also the number of persons employed in or about said mine, the number of mules

and horses used, and the number of days worked each month. Blanks for this purpose shall be furnished by the state to the chief inspector of mines, and by the chief mine inspector to each mine boss," etc.

"(I) 'Break throughs' or airways shall be made in each room and entry at least every forty-five feet. All 'break throughs' or airways, between entries, except those last made near the working face of the entry, shall be closed up and made air tight."

Section 10079 Burns 1926, being §24 (A), Acts 1923 p. 487, provides that, "Any willful neglect, refusal or failure to do the things required to be done by any section, clause or provision of this act, on the part of the person or persons herein required to do them, or any violation of the provisions or requirements hereof, or any attempt to obstruct or interfere with any inspector of mines in the discharge of the duties herein imposed upon him, or any refusal to comply with the instructions of an inspector of mines by authority of this act, shall be deemed a misdemeanor, punishable," etc. Appellee insists that sections (E) and (F) *supra* impose the duty on the mine boss to maintain airways as provided by section (I), *supra,* and, if he fails, refuses and neglects to keep, maintain and construct such airways, he is guilty of a misdemeanor and should be punished as prescribed in §10079 *supra.*

We are unable to agree with appellee in its contention on this point. Nowhere in clauses E and F *supra* do we find that it is made the duty of the mine boss to construct or maintain airways as specified in clause (I) of the above act, and, unless the above act imposes upon the mine boss such duty, his refusal or neglect to construct and maintain the same would not constitute a public offense. Criminal statutes are subject to the rule of strict construction, and the facts must be within the spirit, as well as within

the letter of the statute. *United States* v. *Wiltberger* (1820), 5 Wheat. (U. S.) 76, 95, 5 L. Ed. 37; *State* v. *Lowry* (1906), 166 Ind. 372, 393, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350. We have examined the entire act of 1923 p. 487, and all the amendments, and we find nowhere does the act impose upon the mine boss the duty to maintain or construct the airways, as charged in the affidavit, and, for this reason, appellant's motion to quash the affidavit should have been sustained.

Judgment reversed, with instructions to the lower court to sustain appellant's motion to quash the affidavit.