Hadden, Appellee, *v.* Curry Ford, Inc., Appellant, Lilly et al., Appellees.

[Cite as Hadden v. Curry Ford, Inc. (1970), 27 Ohio App. 2d 132.]

(No. 388—Decided June 15, 1970.)

Mr. *Edward A. Hogan,* for appellee Donald Hadden.

Mr. *Edwin J. Dreibelbis,* for appellant Curry Ford, Inc.

Mr. *Paul E. Jones,* for appellee Roxanne Siler Herdman.

Mr. *Robert True,* Guardian *ad litem,* for appellee Dennis Lilly.

SHANNON, P. J. This is an appeal upon questions of law from a declaratory judgment of the Court of Common Pleas of Clermont County.

The judgment from which this appeal is taken derived from a suit for personal injuries wherein defendant Curry Ford, Inc., appellant in this court, had filed an answer and cross-petition.

It appears that on October 5, 1966, defendants Dennis Lilly and Roxanne Siler, two of three appellees herein, entered the business office of Curry Ford, Inc., together, to negotiate the rental of an automobile. Ultimately, Roxanne Siler signed a rental contract which had been prepared by one of appellant's salesmen after she had exhibited her driver's license. It also appears that Lilly paid the required deposit of money and that the keys to the automobile were given to him by the salesman. At that time, Lilly was eighteen and Roxanne twenty-two years of age.

On the face of the contract, over the signature of Roxanne Siler, appears the following:

"This car covered with Full Coverage Collision Protection, for which the Lessee agrees to pay the sum of $1 per day or $5.00 per week over and above the rental charge."

On the back of the contract, these provisions appear, inter alia:

"1. In no event shall the car be used, operated or driven * * * (6) by any person except Lessee, or a qualified licensed driver named by Lessee on Page 2 and having Lessee's prior consent.

"5. Licensee shall provide an automobile liability insurance policy for the benefit of Lessee and others driving with his prior consent * * *. Such policy shall not apply * * * (3) to any liability of Lessee or any driver * * * arising while the car is being used in violation of any of the limitations set forth in Paragraph 1, above * * *."

It is uncontroverted that Lilly was not named as another driver.

The petition filed by plaintiff, Donald Hadden, the

third appellee herein, alleges that on October 8, 1966, he was operating a motor vehicle on a public highway when it was struck by an automobile being driven by Lilly. It is admitted that the car driven by Lilly was that rented to Roxanne Siler. Curry Ford, Inc., was named as a defendant in the suit on the theory of negligent entrustment, plaintiff asserting that Curry Ford failed to exercise ordinary care in making the lease agreement in that it "knew or should have known that Defendant Lilly had no valid automobile operator's license."

Roxanne Siler made demand upon Curry Ford, Inc., that it defend her in the case, but such was refused. Curry Ford, Inc., then filed an answer and a cross-petition setting forth the rental contract excerpted above and prayed for a declaration of the rights of the parties under the contract.

Upon a hearing, evidence was adduced which fully supports the conclusion reached by the trial judge, and set forth in the "Entry on Declaratory Judgment" that Dennis Lilly had an Ohio driver's license which was suspended at the time of the collision alleged in the petition. However, the trial judge found further "that although suspended, the defendant, Dennis Lilly, was a qualified licensed driver"; that "defendant, Curry Ford, Inc., tacitly approved of Dennis Lilly driving the car in question"; and, concluded, that Curry Ford, Inc., had a duty to furnish insurance coverage to Roxanne Siler and Dennis Lilly.

The first assignment of error raises the essential question before us: was Dennis Lilly a qualified licensed driver at the time of the collision? The obvious corollary question is: if Dennis Lilly was such, was there a waiver of the contractual provision that he be named as a driver in the contract?

The clear definition of a "qualified licensed driver" is the operator of a vehicle who has met the requirements of law established by the licensing authority, which in this case is the state of Ohio.

R. C. 4507.02, as pertinent, provides:

"No person * * * shall drive any motor vehicle upon

a highway in this state unless such person, upon application, has been licensed as an operator * * * by the registrar of motor vehicles under Sections 4507.01 to 4507.39, inclusive, of the Revised Code.''

Therefore, we conclude, Dennis Lilly could not drive a motor vehicle upon a highway in Ohio unless he was licensed as an operator.

The proof in the case at bar is that the Ohio operator's permit obtained at one time by Dennis Lilly had been suspended as an aftermath of his commission of a violation of a traffic law or ordinance.

In Webster's New International Dictionary (2d unabr. ed.) the following definitions, among others, of the word ''suspend'' are given:

'' * * * 1: to debar, or cause to withdraw temporarily from any privilege * * * .

''2a: to cause * * * to cease for a time: stop temporarily * * *.''

In Ballentine's Law Dictionary (3d ed.), we find ''suspended'' defined as follows:

''Temporarily inactive or inoperative; held in abeyance.''

Consequently, when Dennis Lilly's driver's license was suspended, it was inoperative as a license for a period of time, and, therefore, his privilege to operate a motor vehicle upon the highways of this state was withdrawn for that period.

The conclusion is inescapable. Dennis Lilly was not a qualified licensed driver at the time of the collision because he had, temporarily, no privilege to drive; that is, no license within the meaning of R. C. 4507.02.

The answer to the corollary question follows. Dennis Lilly was not named in the contract as one permitted to drive the rented car. The evidence is sufficient to sustain the conclusion reached by the trial court that he was driving that vehicle with the prior consent of Roxanne Siler. But the condition placed upon such operation with consent, by the terms of the rental agreement, still applied to require that Dennis Lilly be a qualified licensed driver.

Are the clear terms of the contract to prevail? Was

there ''tacit approval'' by Curry Ford at the time the contract was signed of the subsequent operation of the car by Lilly?

Curry Ford accepted a money deposit from Dennis Lilly, who was neither a party to nor named in the contract. Lilly did not display a driver's license at any time to an agent of Curry Ford. However, the car was rented to Roxanne Siler after she had exhibited her operator's permit. The keys to the car were handed by the salesman to Lilly, but we must conclude that Lilly, in turn, gave them to Roxanne Siler because she drove the car away from the premises of the lessor.

To say, then, in the light of these facts that Curry Ford ''tacitly,'' that is, impliedly, approved of Lilly as a qualified licensed driver is to abrogate the provisions of the written agreement. We hold that it was error for the trial court to have done so.

The unauthorized use and operation by Lilly of the car rented to Roxanne Siler made the policy of liability insurance inapplicable at the time of the collision involving plaintiff. Therefore, Curry Ford, Inc., has no responsibility to either Roxanne Siler or Dennis Lilly under the terms of that policy. The order of the Court of Common Pleas of Clermont County that ''defendant, Curry Ford, Inc., has a duty to furnish insurance coverage to defendants, Roxanne Siler Herdman and Dennis Lilly'' is reversed.

This cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HESS, J., concurs.
HILDEBRANT, J., not participating.