THE STATE OF OHIO *v.* TOLSON.

[Cite as State v. Tolson (1973), 34 Ohio Misc. 55.]

(No. B721520—Decided February 2, 1973.)

Common Pleas Court of Hamilton County.

*Mr. Carl W. Vollman,* assistant county prosecutor, for plaintiff.

*Mr. William M. Cussen* and *Messrs. Lindhorst & Dreidame,* for defendant.

BLACK, J. Defendant, Tolson, was indicted on two counts of homicide by vehicle in the first degree under R. C. 4511.181. Each count charged that the unlawful and unintentional deaths (one of a woman and the other of a man, but both on the same day) occurred "while violating Section 4511.19 and/or 4911.20 of the Revised Code of Ohio." By agreement of counsel subsequent to the indictment, the charge of violating R. C. 4511.19 was withdrawn. Thus the charge on both counts now before the court is that the deaths of these two persons occurred while the defendant was violating R. C. 4511.20, which describes and defines reckless operation of a vehicle.

The case is before the court at this time on defendant's "Plea Of Former Conviction Pursuant To Section 2943.05 Or In The Alternative, Motion To Dismiss On The Basis Of Res Judicata."

Both the state and the defense agreed that there is no dispute about the history of this matter. Defendant, Tolson, was initially charged in three separate cases in the Hamilton County Municipal Court for violations arising out of the same set of circumstances. These cases in the Municipal Court were: two for homicide by vehicle in the first degree under R. C. 4511.181 (for the deaths of the two persons indicated), and one for reckless operation of a vehicle under R. C. 4511.20. All three cases came on for hearing before the Municipal Court on July 18, 1972. One of the Municipal Court judges presided at the hearing on the two cases of vehicular homicide, this being a preliminary hearing by reason of the fact that the charge is a felony. At that judge's suggestion and by agreement of counsel, a different judge heard the charge on reckless driving.

After the hearing, the charges of vehicular homicide were dismissed. Subsequently, the County Prosecutor of Hamilton County brought the matter before the Grand Jury and obtained the current indictment (with two counts of vehicular homicide).

On the same day as the preliminary hearing on vehicular homicide, the case on reckless driving was tried to another Municipal Court judge without a jury. In that case, the defendant was found not guilty.

Defendant's plea in this court to the two-count indictment is in the alternative: that there was former jeopardy under R. C. 2943.05 in that this defendant had been acquitted of a "lesser included offense"; or in the alternative, that one of the necessary elements of the crime charged has already been judicially determined, and that the matter is *res judicata*, or that this prosecution is barred under the Constitution of the United States by the doctrine of collateral estoppel. The matter was submitted to this court on the memoranda of counsel and oral argument.

The court finds that the plea is well taken and that the defendant should be dismissed.

The indictment of the defendant for vehicular homicide after dismissal on the same charge in the Municipal Court is proper. The hearing in the Municipal Court is a preliminary hearing and the defendant was not "in jeopardy."

However, the acquittal of the defendant in the trial in the Municipal Court on the charge of reckless driving is a bar to the present indictment on either or both of two grounds, as follows:

(1) Reckless driving is a necessary element of the crime of vehicular homicide, and the acquittal of the defendant as to reckless driving by the Municipal Court validly and finally determined that necessary element in the defendant's favor. R. C. 4511.181, reads as follows:

"No person shall unlawfully and unintentionally cause the death of another *while violating Section* * * * *4511.20* * * * of the Revised Code. Any person violating this Section is guilty of homicide by vehicle in the first degree." (Emphasis supplied.)

R. C. 4511.20 describes reckless operation. The intent of the legislature is that vehicular homicide does not occur unless there is a violation of certain named Sections of the Revised Code. This "other" violation is not a "lesser included offense," but a necessary element, to the same extent that deliberate and premeditated malice is a necessary element in murder in the first degree.

(2) Once there has been a determination of an issue of ultimate fact in a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit, and in a criminal case, the state is barred from further prosecution on constitutional grounds under the decision of the U. S. Supreme Court in *Ashe* v. *Swenson* (1970), 397 U. S. 436, 90 S. Ct. 1189. Justice Stewart used the doctrine of collateral estoppel, borrowed from civil law, in reversing the conviction of an alleged robber in a second trial occurring after the alleged robber has been acquitted on the same charge of robbery in the same, iden-

tical incident. The only difference between the first and the second trial was that the first alleged the robbery of one victim (and the defendant was acquitted for lack of sufficient identification), while the second alleged the robbery of another, different victim in the same incident (and the defendant was found guilty).

The plea is well taken and the defendant is dismissed.