CITY OF CINCINNATI *v.* TRIBBLE.

(No. 82-TRD-60307—Decided
February 10, 1983.)

Hamilton County Municipal Court.

*Mr. Frank H. Prouty, Jr.,* for plaintiff.

*Mr. James N. Perry,* for defendant.

PAINTER, J. This case came before the court on January 26, 1983, defendant having entered a plea of no contest under an agreed statement of facts.

The following facts are stipulated. Defendant was operating his automobile on Ezzard Charles Drive at Linn Street in the city of Cincinnati on September 15, 1982. At that time he was issued Ohio Uniform Traffic Ticket No. 75-1411533, which charged a violation of R.C. 4507.02, stated the description of the offense as "no driver's license on person," and indicated with an "X" the box that states "failure to furnish satisfactory proof that he has an operator or chauffeur's license."

It is further stipulated that in an unrelated case, this court suspended defendant's driving privileges, and his operator's license was forwarded to the Bureau of Motor Vehicles on April 27, 1982 by the Hamilton County Municipal Court Clerk.

R.C. 4507.02 provides, *inter alia,* that "[n]o person * * * shall operate any motor vehicle * * * unless such person, upon application, has been licensed as an operator * * * by the registrar of motor vehicles * * *."

The question then becomes whether defendant, who admittedly had a valid operator's license at the time of the offense, although said license was "under suspension," violated the above section.

The case of *Hadden* v. *Curry Ford, Inc.* (1970), 27 Ohio App. 2d 132 [56 O.O.2d 291], initially appears to be helpful in resolving the issue. The *Hadden* case was a civil matter construing the language of an insurance contract. The terms of the insurance policy stated that, in order for the insurance to be valid, the automobile had to have been operated by a "qualified licensed driver." At the time of the accident in the *Hadden* case, the operator's driver's license had been suspended by the Bureau of Motor Vehicles. The court held that one whose license has been suspended is not a "qualified licensed driver" as that term was used in the insurance policy. Obviously, one whose license is suspended is not a "qualified" driver even if he might be a "licensed driver," so that this case is not necessarily determinative of the issue. The troubling language in *Hadden* is as follows:

"The conclusion is inescapable. Dennis Lilly was not a qualified licensed driver at the time of the collision *because he had, temporarily, no privilege to drive; that is, no license within the meaning of R.C. 4507.02.*" (Emphasis added.) *Id.* at 135.

It is the court's belief that the language implying that a "suspended license" is not a "license" within the meaning of R.C. 4507.02 is *dicta,* since obviously it was not necessary for the conclusion that the defendant was not a "qualified licensed driver." This being a criminal, rather than a civil case, the language of the penal statute must be construed as strongly in favor of the defendant, and all doubts resolved in his favor.

Obviously, defendant is guilty of violating R.C. 4507.38 (driving under suspension); however, he is not charged with violating that section. Defendant argues that he in fact had a driver's license; it was simply "suspended," and therefore he did not violate the clear prohibitions of R.C. 4507.02. The only relevant prohibition in that section is the prohibition against operating a motor vehicle "unless such person, upon application, *has been licensed as an operator.*" (Emphasis added.) Quite clearly, defendant had been licensed as an operator, and it is stipulated that his license is unexpired, albeit suspended. This court can find no other interpretations of R.C. 4507.02, and we have been cited none. The only comment we have been able to find is the following:

"*Suspension* of a license ordinarily is for a definite, stated period — a temporary withdrawal of the privilege. *The person still has his license* but it is in-operative, inactive, inert, until expiration of the stated period revives it again. On the other hand, cancellation and revocation of a license imply its permanent abrogation, annulment, and extinguishment, following which the person's only hope of regaining the driving privilege is by way of applying for an entirely new license at a later time." (Emphasis added in part.) Fisher, Vehicle Traffic Law (1961) 382, quoted in Ohio Legal Center Institute (1976), Manual of Ohio Traffic Court Procedure, at 203.

To this court, it is clear that defendant did not violate R.C. 4507.02. While the court feels that the defendant is guilty of a violation of 4507.38, the charge cannot be amended to state a different offense. Crim. R. 7(D). While this court would have preferred a different result, the court must find the defendant not guilty and discharge him.

*Defendant discharged.*