**The STATE of Ohio, Appellee,**

**v.**

**HAUGHAWOUT, Appellant.**

[Cite as *State v. Haughawout* (1991), 81 Ohio App.3d 7.]

Court of Appeals of Ohio,
Wayne County.

No. 2600.

Decided May 1, 1991.

*Corey E. Spitler,* Assistant Prosecuting Attorney, for appellee.

*Steve C. Bailey,* for appellant.

---

*Per Curiam.*

On June 22, 1990, the appellant, Clifford Haughawout, Jr., was cited for driving while under a Financial Responsibility Act ("FRA") suspension in

violation of R.C. 4507.02(B). The officer issuing the citation noted on the ticket that Haughawout did not have a driver's license.

The case proceeded to trial wherein it was disclosed that Haughawout's license had expired in 1980. The FRA suspension in question went into effect on July 5, 1989. Haughawout moved for an acquittal at the close of the state's case, contending primarily that a valid driver's license was a prerequisite to driving under a suspension. The trial court overruled Haughawout's motion and Haughawout was found guilty.

### Assignments of Error

"I. The trial court erred in denying appellant's Rule 29 motion for acquittal made at the close of evidence.

"II. The appellant's conviction was against the manifest weight of the evidence."

As these assignments of error are interrelated, they will be addressed together.

■ Haughawout's primary contention is that his conviction of driving while under a suspension (R.C. 4507.02[B]) was improper, as a valid license is a necessary prerequisite to such a conviction. R.C. 4507.02(B)(1) provides:

"No person, whose driver's or commercial driver's license or permit or nonresident's operating privilege has been suspended or revoked pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by him to be operated by another person in the state, during the period of the suspension or revocation, except as specifically authorized by Chapter 4509. of the Revised Code."

R.C. 4509.01 provides:

"(C) 'License' includes any license, permit, or privilege to operate a motor vehicle issued under the laws of this state including:

" * * *

"(2) The privilege of any person to drive a motor vehicle whether or not such person holds a valid license[.]"

Thus, the General Assembly, at least as part of the financial responsibility law, prohibited the operation of a motor vehicle while a person's privilege to drive is suspended as well as his physical license. While the suspension of a license that has already expired would appear to be a vain act, such a suspension would prevent a license from being renewed until adequate security is provided and as such serves a purpose even when the license has otherwise expired. *State v. Green* (Oct. 15, 1987), Cuyahoga App. Nos. 52629 and 52630, unreported, 1987 WL 18483.

■ Accordingly, the fact that Haughawout did not in fact possess a valid license from the state of Ohio at the time of his arrest does not necessarily foreclose his conviction under R.C. 4507.02(B) for driving while under an FRA suspension. Furthermore, it would appear that the proper time to challenge the subject FRA suspension is at the time it is imposed, not at the time of a subsequent offense.

For the aforementioned reasons, Haughawout's assignments of error do not have merit and are hereby overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

COOK, J., concurs in judgment only.

CACIOPPO, P.J., dissents.

CACIOPPO, Presiding Judge, dissenting.

The primary issue before the court in these assignments of error is whether a valid operator's license is an essential prerequisite to a driving under a suspension charge.

A suspension is the physical temporary possession of a license, ostensibly to be forwarded to the Bureau of Motor Vehicles; it acts as a temporary denial of total driving rights by the state, which may be modified to allow limited driving. *State v. Green* (Oct. 15, 1987), Cuyahoga App. Nos. 52629 and 52630, unreported, 1987 WL 18483. A suspension of a license ordinarily is for a definite, stated period—a temporary withdrawal of the privilege. *Cincinnati v. Tribble* (1983), 7 Ohio Misc.2d 46, 47, 7 OBR 310, 311, 455 N.E.2d 27, 28. On the other hand, cancellation and revocation of a license imply its permanent abrogation, annulment, and extinguishment, following which the person's only hope of regaining the driving privilege is by way of applying for an entirely new license at a later time. *Id.*

R.C. 4507.02(B)(1), under which Haughawout was found guilty, provides:

"No person, whose driver's or commercial driver's license or permit or nonresident's operating privilege has been suspended or revoked pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by him to be operated by another person in the state, during the period of the suspension or revocation, except as specifically authorized by Chapter 4509. of the Revised Code."

R.C. 4507.02(A)(1) clearly proscribes the operation of a vehicle without a valid operator's license, *State v. Walton* (June 30, 1990), Crawford App. Nos. 3–89–3 and 3–89–4, unreported, 1990 WL 82558, providing that:

"No person, except those expressly exempted under sections 4507.03, 4507.-04, and 4507.05 of the Revised Code, shall operate any motor vehicle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless the person has a valid driver's license issued under this chapter or a commercial driver's license issued under Chapter 4506. of the Revised Code."

This being a criminal case, the language of the penal statutes must be construed strongly in favor of the defendant, and all doubts must be resolved in his favor. *Tribble, supra,* 7 Ohio Misc.2d at 46, 7 OBR at 311, 455 N.E.2d at 28.

A valid operator's license is an obvious and essential precondition of a license suspension. *State v. Williams* (1984), 17 Ohio App.3d 105, 107, 17 OBR 167, 169, 477 N.E.2d 656, 657. Courts of appeals have held that a defendant cannot be convicted of driving under suspension where there is no evidence that he ever had any valid driver's license to suspend. *Middletown v. Barnett* (Mar. 12, 1990), Butler App. No. CA89–06–088, unreported, 1990 WL 25692, citing *Williams, supra; Vandalia v. Leslie* (Feb. 26, 1986), Montgomery App. No. 9402, unreported.

The record in the case at bar clearly discloses that Haughawout did not have a valid driver's license at the time of the citation for driving under a suspension, as his license had expired in 1980. Nor was there proof of any other privilege to drive. As a valid license is an essential prerequisite to such a charge, the citation and conviction were improper. The proper charge in this instance would have been under R.C. 4507.02(A)(1) for driving without a valid operator's license. While I am troubled by Haughawout's driving record, the fact that he was mischarged in his citation necessitated his immediate discharge at trial. *State v. Kessler* (Mar. 30, 1984), Ottawa App. No. OT–83–28, unreported, 1984 WL 7814.

Accordingly, I respectfully dissent.