OPINION
This appeal emanates from the Lake County Court of Common Pleas. Appellant, Thomas C. Fitzmaurice, appeals the judgment entry denying his request for restoration of his driving privileges.
On July 18, 1984, the Lake County Grand Jury indicted appellant on two counts of aggravated vehicular homicide, felonies of the fourth degree, in violation of R.C. 2903.06 and one count of driving while intoxicated, a misdemeanor of the first degree, in violation of R.C. 4511.19. On July 26, 1984, appellant entered a plea of "not guilty" to all charges. On January 3, 1985, appellant entered a written plea of no contest to two counts of aggravated vehicular homicide. Upon the motion of appellee, the state of Ohio, the trial court dismissed the third count on the indictment, driving while intoxicated. On January 7, 1985, appellant was found guilty of two counts of aggravated vehicular homicide and the matter was referred to the Adult Probation Department for a presentence report and investigation.
On February 5, 1985, appellant was sentenced to serve a definite term of one year in the Ohio State Reformatory on each count of aggravated vehicular homicide. The terms were to be served concurrently. In addition, appellant's operator's license was "permanently revoked," under R.C. 2903.06(B). A report of appellant's conviction and a certified copy of the sentencing entry were sent to the Bureau of Motor Vehicles.
On June 18, 1998, appellant filed a motion for restoration of his driving privileges. In his motion, appellant stated that he was living in an apartment that was walking distance from his place of employment, but he wished to relocate his home and wanted to secure his driver's license. Appellee filed a motion in opposition on July 6, 1998. Thereafter, both parties filed briefs. On August 13, 1998, the trial court overruled appellant's request for the restoration of his driving privileges. Appellant timely filed a notice of appeal and now asserts the following assignment of error:
 "The trial court erred to the prejudice of [appellant], denying his motion for restoration of driving privileges because of Double Jeopardy and because of the Excessive Fines Clause, all in violation of Article I, Section IX, and Article I, Section X, of the Ohio Constitution."
 In his sole assignment of error, appellant argues that the trial court erred in imposing a permanent revocation of his driving privileges in violation of his constitutional rights. Specifically, appellant argues that the permanent license revocation was a subsequent civil penalty that was barred by the Double Jeopardy and Excessive Fines clauses of the Ohio Constitution.
The Double Jeopardy clause prohibits the subsequent prosecution for the same offense after acquittal or conviction and/or multiple punishments for the same offense. State v. Vasquez (1997),122 Ohio App.3d 692, 694. Moreover, the Excessive Fines clause disallows the imposition of excessive civil fines. In the case at bar, the license revocation was imposed as part of a criminal penalty, was proscribed at the same hearing, and was not given as a subsequent civil penalty. Therefore, in our view, there was no violation of the Double Jeopardy and Excessive Fines clauses.
R.C. 2903.06(B) provides:
 "Whoever violates this section is guilty of aggravated vehicular homicide, a felony of the third degree. * * *.
 "If the jury or judge as trier of fact finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, at the time of the commission of the offense, then the offender's driver's or commercial driver's license or permit or nonresident operating privilege shall be permanently revoked pursuant to section 4507.16 of the Revised Code."
R.C. 4507.16(D)(1) mandates permanent revocation of a driver's license for those persons convicted of aggravated vehicular homicide, and states:
 "The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall permanently revoke the driver's or commercial driver's license * * * of any person who is convicted of or pleads guilty to a violation of section 2903.06, 2903.07, or 2903.08 of the Revised Code * * * if the jury or judge as trier of fact in the case in which the person is convicted finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, at the time of the commission of the offense."
In addition, R.C. 4507.16(A)(2) provides the trial court with the discretion to revoke the license of any person who is convicted of or pleads guilty to any crime which is punishable as a felony under the motor vehicle laws of Ohio or any other felony in the commission of which a motor vehicle is employed. See State v. White (1987), 29 Ohio St.3d 39, 40-41. The term "revocation" is defined as "a permanent taking without the expectation of reinstatement." Id. at 40. In awarding a trial judge the discretion to revoke a driver's license, "the General Assembly sought to prevent certain persons who unlawfully drive their vehicles from continuing to enjoy the privilege of driving. The length of the deprivation of the privilege is dependent on the severity of the offense." Id. The imposition of a lifetime revocation does not necessarily violate due process. Id. at 42. Further, a person's only way to regain driving privileges is to apply for a new license at a later time. State v. Haughawout
(1991), 81 Ohio App.3d 7, 9.
In the case sub judice, appellant was convicted of two counts of aggravated vehicular homicide. As a result of the conviction, in addition to appellant's sentence, his license was permanently revoked in the same sentencing exercise. Since appellant was convicted of a felony, the trial court had the discretion to revoke appellant's license under R.C. 4507.16(A)(2). Accordingly, we cannot assume that the trial court abused its discretion in permanently revoking appellant's operator's license.
Moreover, in his brief, appellant relies on United States v.Halper (1989), 490 U.S. 435. In Halper, the defendant was convicted of submitting false Medicare claims. The government sought a remedial penalty in a separate civil proceeding. The United States Supreme Court held that the double jeopardy protection prohibits the imposition of a subsequent civil sanction, which serves more than a mere remedial purpose. Id. at 448-449. However, in the instant matter, appellant was not subject to a subsequent proceeding after the conclusion of his sentencing hearing. Hence, no civil sanctions were imposed on appellant. Appellant's argument lacks merit.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CHRISTLEY, J., O'NEILL, J., concur.