OPINION
This delayed appeal arises from the judgment of the Belmont County Court, Belmont County, Ohio, convicting Appellant, after a trial to the court, of driving without a valid operator's license in violation of R.C. § 4507.02(A)(1). For the reasons that follow, this Court reverses the trial court's judgment and vacates Appellant's conviction.
Appellee has failed to file a brief with this Court and therefore we may accept as true the factual allegations contained in Appellant's brief. App.R. 18(C). On April 18, 1997, a trooper with the Ohio State Highway Patrol was traveling behind Appellant's vehicle on County Road 48 in Mead Township. The trooper allegedly observed Appellant's vehicle cross the center line while attempting to navigate a curve in the road and proceeded to effect a traffic stop. Based upon information learned during the stop, the trooper issued Appellant a citation charging Appellant with driving under a suspended license. Apparently, Appellant's license had been cancelled in the State of Ohio due to a suspension imposed by the State of Pennsylvania.
Appellant's traffic arraignment was scheduled to take place on May 5, 1997 at 1:00 p.m. On April 29, 1997, the court's clerk unilaterally changed this date to May 1, 1997 by telephoning Appellant's residence and leaving a message with Appellant's girlfriend. (Docket and Journal Entry, May 1, 1997). On May 1, 1997, Appellant failed to appear at the rescheduled arraignment and the court issued a warrant for his arrest. Appellant was arrested later that same day and was arraigned for the driving under suspension charge.
At his arraignment. Appellant pled not guilty and was appointed a public defender. On this same date, the trial court issued an order which stated in relevant part: "Court orders that BMV not deny this defendant an Ohio drivrer's (sic) license due to PA [Pennsylvania] fine not being paid. Court now terminates PA suspension as far as Ohio is concerned * * *." (Docket and Journal Entry, June 26, 1997). As a result of the suspension being terminated, the state filed an oral motion to amend Appellant's traffic citation from driving under suspension ("DUS") in violation of R.C. § 4507.02(D), a first degree misdemeanor, to driving with no operator's license ("No OL") in violation of R.C. § 4507.02(A)(1). The charge, as amended, is a first degree misdemeanor unless the offender's license has only been expired for six months or less, in which case it is a minor misdemeanor. On July 22, 1997, the court amended Appellant's charge to minor misdemeanor No OL and set the trial date for July 31, 1997.
On July 28, 1997, the state filed a bill of particulars which explained that Appellant's offense entailed driving without a valid license and driving without driving privileges. A copy of this bill was sent to Appellant's court appointed attorney although the court had previously dismissed him as a result of the charge being amended to a minor misdemeanor. On July 31, 1997, Appellant appeared alone for his trial where the court informed him that he had no right to a jury trial due to the original charge being amended, whereby the following dialogue took place:
 "Logue: I want a continuance, I need new counsel, and take a chance that you can't change the nature of the charge, that's the law.
 Court: Oh yes I can. * * * * It's in the same. They're both under 4507.02 instead of being under section D, you're under section 1A. So it's in the same, it's a lesser charge in the same. Court can always find you guilty of a lesser included offense and that's what they have amended it to."
The bench trial consisted of the state trooper's testimony and Appellant's arguments to the court. The court found Appellant guilty of minor misdemeanor No OL and fined Appellant $50.00 plus $56.00 in court costs. Appellant's sentence was stayed pending this appeal. On August 14, 1997, Appellant filed a Notice of Appeal with this Court. The complete record in this matter, including the transcript of the proceedings below, was filed on January 28, 1998. By way of journal entry dated September 18, 1998, this Court noted that the allowable time limit to file a brief had expired and gave Appellant until November 1, 1998 to do so or risk having the appeal dismissed. Appellant filed his brief and assignments of error on November 2, 1998. Although untimely, this Court, in the interest of justice and equity and pursuant to App.R. 18(C) and Local App.R. II, declines to dismiss Appellant'spro se appeal and will consider the arguments presented in his brief.
Appellant raises the following assignments of error:
 "I. VERDICT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND OHIO CRIMINAL RULES 3, 4, 7(E) AND 12(B)(1) THROUGH (5).
 "II. DEFENDANT WAS DEPRIVED OF HIS RIGHT TO COUNSEL IN VIOLATION OF THE 5TH AND 6TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION.
 "III. THE TRIAL COURT ERRED PURSUANT TO OHIO CIV.R. 12(B) (H)(3) AND RC 2931.02 (G.C. 13422-2) FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER, THE UNIFORM TRAFFIC TICKET, DUE TO THE FACT THAT OFFENSE CHARGED IS NOT CONSIDERED A BREACH OF THE PEACE.
 "IV. THE TRIAL COURT ERRED IN PERMITTING STATE TO CHANGE THE NAME AND IDENTITY OF THE COMPLAINT CONTRARY TO OHIO CRIMINAL RULE 7(D).
 "V. THE TRIAL COURT ERRED IN CONVICTING APPELLANT PURSUANT TO ORC 4507.02 DRIVING ON EXPIRED LICENSE BECAUSE IT HAS BEEN EXPIRED FOR 3 YEARS, NOT 6 MONTHS OR LESS PURSUANT TO ORC 4507.99."
As a threshold matter, this Court will address Appellant's contention that the trial court was without subject matter jurisdiction to render judgment in this case. Appellant cites R.C. § 2931.02 in support of this proposition. While it is true that the statutory provision cited by Appellant does not list traffic offenses as one of the enumerated violations over which county courts have jurisdiction, support for that court's jurisdiction in traffic cases may be found elsewhere.
R.C. § 2937.46 grants the Ohio Supreme Court the authority to establish uniform procedures to be used in traffic cases in courts inferior to the common pleas courts. Pursuant to Traf.R. 1(A), the Traffic Rules apply to all courts of the state in traffic cases. Traf.R. 2 defines "court" as a municipal court, county court, juvenile court, police court, or mayor's court. Therefore, the Belmont County Court, Eastern Division, had jurisdiction over the subject matter in this case and Appellant's third assignment of error is overruled.
Having disposed of Appellant's contention that the trial court lacked subject matter jurisdiction, we turn our attention to the merits of Appellant's remaining assignments of error. For reasons which shall become readily apparent, we shall first address the issues presented in Appellant's fourth assignment of error which asserts that the trial court committed reversible error in allowing the state to change the name and identity of the crime charged in the complaint.
Traf.R. 20 provides that the Ohio Rules of Criminal Procedure only apply in traffic cases if there is no procedure prescribed by any applicable traffic rule. The traffic rules do not provide for a procedure for amending traffic tickets from one charge to another and, therefore, Crim.R. 7(D) applies which states in relevant part:
 "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
As noted, Crim.R. 7(D) refers to indictments, informations, complaints, and bills of particulars. Pursuant to Traf.R. 3(A), a traffic ticket is a complaint. Therefore, the charge in the traffic ticket may not be amended to reflect a change in the name or identity of that charge. However, a charge may be amended to a lesser included offense without changing the name or identity of the original charge. State v. Briscoe (1992), 84 Ohio App.3d 569,572. As a result, our inquiry must be to determine if the charge of No OL is a lesser included offense of the charge of DUS as the trial court concluded.
We determine this question in the negative. There are three elements to consider when determining whether one violation is a lesser included offense of another: (1) one violation has a lesser penalty; (2) the greater offense can never be committed without the lesser offense also being committed; and, (3) some element of the greater offense is not needed to prove the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205, 209.
Applying these factors to the charges involved in the case at bar, it is clear that the charge of No OL is not a lesser included offense of the charge of DUS. City of Cleveland v.Anderson (July 13, 1995), Cuyahoga App. No. 68025, unreported. The offense of DUS is codified in R.C. § 4507.02(D)(1), which provides in relevant part:
 "No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended or revoked under any provision of the Revised Code other than Chapter 4509. of the Revised Code * * * shall operate any motor vehicle upon the highways or streets within this state during the period of the suspension * * *."
The charge Appellant was convicted of, No OL, is defined and proscribed in R.C. § 4507.02(A)(1), the relevant portion of which states:
 "No person * * * shall operate any motor vehicle upon a highway * * * unless the person has a valid driver's license issued under this chapter."
A review of the applicable elements of each of these offenses indicates that the second factor of the lesser included offense test is not satisfied. When a valid driver's license is suspended, it does not become an invalid license. State v. Gilbo
(1994), 96 Ohio App.3d 332, 338. A person does not commit the crime of No OL by driving with a valid and unexpired license that has been suspended. State v. Williams (1984), 17 Ohio App.3d 105. Each offense requires proof of a fact that the other does not.Gilbo, supra, at 337.
As each of the offenses in question contain different material elements, amending the complaint (or in this case the traffic ticket) by substituting one charge for the other changed the name and identity of the crime in violation of Crim.R. 7(D). Seegenerally, State v. Rihm (1995), 101 Ohio App.3d 626, 629. As such an amendment is expressly prohibited by Crim.R. 7(D), the trial court committed reversible error regardless as to whether Appellant can demonstrate prejudice as a result of the amendment.State v. Jackson (1992), 78 Ohio App.3d 479, 483, citing,Middletown v. Blevins (1987), 35 Ohio App.3d 65, 67. Thus, Appellant's fourth assignment of error is sustained.
Given our disposition of Appellant's third and fourth assignments of error, the remaining assignments of error are rendered moot. This Court notes that Appellant has contained a request for damages stemming from an alleged unlawful arrest related to this matter. A court of appeals, however, is not the appropriate forum to bring this claim and we therefore decline to address its merits.
For all of the foregoing reasons, the judgment of the Belmont County Court, Eastern Division, is hereby reversed, Appellant's conviction is vacated and the charge of driving without a valid operator's license is dismissed.
VUKOVICH, J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE